0173

FRIARSGATE, INC., Respondent, v. The TOWN OF IRMO; and Robert E. Lyon, Jr., Mayor, Libby L. Green, William A. Harris, John H. Nance, and G. Richardson Weiters, as members of the Council; and Priscilla McMahon, as Clerk and Zoning Administrator of the Town of Irmo, Appellants.

(316 S. E. (2d) 423)

Court of Appeals

S. *Jahue Moore* of *Kirkland, Taylor, Moore & Allen*, West Columbia, and *James B. Richardson, Jr.*, of *Ham & Richardson*, Columbia, *for appellants.*

*George I. Alley* and *Frederick A. Gertz*, Columbia, *for respondent.*

Submitted March 21, 1984.

Decided May 14, 1984.

SHAW, Judge:

This appeal is from a circuit court order denying a motion by appellants — Town of Irmo, et al, for a change of venue. We affirm.

Respondent Friarsgate, Inc. commenced this action challenging the constitutionality and reasonableness of appellants' zoning ordinance as it applies to certain lands owned by Friarsgate lying in the Richland County portion of the Town of Irmo which also has portions of its corporate limits in Lexington County.

Appellants seek an order changing the venue from Lexington County to Richland County and cite Section 15-7-10, Code of Laws of South Carolina, 1976, which states in pertinent part:

> Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated . . .
>
> (1) For the recovery of real property or of an estate or interest therein or for the determination in any form of such right or interest and for injuries to real property.

This statute is not applicable to this case. Respondent is not suing to recover an estate or interest in real property, nor is it suing for a determination that it has an estate or interest in real property. Its challenge is to the exercise of the police power by the town of Irmo.

We hold that where a municipality has corporate limits in more than one county, an action may be brought in either of the representative counties.

Affirmed.

SANDERS, C. J., and BELL, J., concur.